UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DOUG LONGHINI          CASE NO.: 1:21-cv-21246-JEM

    Plaintiff,

v.

MIAMI LAKES PLAZA, LLC

    Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Miami Lakes Plaza LLC ("Miami Lakes") answers each numbered paragraph of the complaint ("Complaint") and unless specifically admitted herein, denies each allegation of the Complaint and states:

### JURISDICTION, PARTIES, AND VENUE

1. Miami Lakes objects to the allegations contained in Paragraph 1 to the extent it constitutes a jurisdictional allegation to which no response is required. To the extent a response is required, Miami Lakes does not dispute that Plaintiff has brought this action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses and costs pursuant to the Americans with Disabilities Act ("ADA"), but denies that Plaintiff is entitled to any such relief.

2. Miami Lakes objects to the allegations contained in Paragraph 2 of the Complaint to the extent that it constitutes a jurisdictional allegation to which no response is required. To the extent a response is required, Miami Lakes does not dispute that this Court has jurisdiction over claims brought under the ADA.

3. Miami Lakes objects to the allegations contained in Paragraph 3 of the Complaint to the extent that it constitutes a jurisdictional allegation to which no response is required. To the

1

extent a response is required, Miami Lakes does not dispute that this Court has jurisdiction over claims brought under the ADA.

4. Miami Lakes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, and, thus, denies the allegations.

5. Miami Lakes objects to the allegations contained in Paragraph 5 of the Complaint to the extent that they constitute legal conclusions by using the term "place of public accommodation". Miami Lakes admits only it is aware of the property described in the Complaint as the Commercial Property. Miami Lakes is without knowledge as to what Plaintiff means by "substantial amount of business," and thus denies the allegations.

6. Miami Lakes is without knowledge as to what times are "material," but admits only that Miami Lakes is a Florida Limited Liability Company, organized under the laws of the State of Florida with its principal place of business in Miami, Florida.

7. Miami Lakes admits only that it is the owner of property described in the Complaint and denies the remaining allegations contained paragraph 7.

## FACTUAL ALLEGATIONS

8. Miami Lakes denies the allegations in Paragraph 8.

9. Miami Lakes objects to the allegations contained in Paragraph 9 of the Complaint to the extent that they constitute legal conclusions to which no response is required. To the extent a response is required, Miami Lakes admits that Plaintiff has referenced a portion of the ADA, but denies any violations exist.

10. Miami Lakes objects to the allegations contained in Paragraph 10 of the Complaint to the extent that they constitute legal conclusions to which no response is required. To the extent a response is required, Miami Lakes states that the ADA speaks for itself.

11. Miami Lakes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and, thus, denies the allegations.

12. Miami Lakes admits only it is aware of the property described in the Complaint as the Commercial Property but denies the remaining allegations.

13. Denied.

14. Miami Lakes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, regarding Plaintiff's visits to the property, what Plaintiff encountered at the property, or his intent to return to the property and, thus, denies the allegations.

15. Miami Lakes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, regarding Plaintiff's residence , the frequency of his visits, reasons for or intent for such visits and, thus, denies the allegations.

16. Miami Lakes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and, thus, denies the allegations.

17. Miami Lakes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and, thus, denies the allegations.

18. Miami Lakes objects to the allegations contained in Paragraph 18 of the Complaint to the extent that they constitute legal conclusions by using the term "place of public accommodation". Miami Lakes admits only it is aware of the property described in the Complaint.

19. Miami Lakes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint regarding Plaintiff's desire to visit the property, his past experience visiting the property and his intent to avail himself of the goods and services available and thus, denies, the allegations. Miami Lakes denies that Plaintiff has been subjected to discrimination at the property.

20. Miami Lakes objects to the allegations contained in Paragraph 20 of the Complaint to the extent that they constitute legal conclusions to which no response is required. To the extent a response is required, Miami Lakes denies that any violations of the ADA exist at the property.

21. Miami Lakes objects to the allegations contained in Paragraph 21 of the Complaint to the extent that they constitute legal conclusions to which no response is required. To the extent a response is required, Miami Lakes denies that Plaintiff has been subjected to discrimination at the property.

## COUNT I- ADA VIOLATIONS

22. Miami Lakes adopts and incorporate its responses to Paragraphs 1-21 as if fully set forth herein.

23. Denied, including all subparts.

## RELIEF SOUGHT AND THE BASIS

24. Miami Lakes objects to the allegations contained in paragraph 24 of the Complaint to the extent they constitute legal conclusions to which no response is required. To the extent a

response is required, Plaintiff may request a Rule 34 inspection as provided for in the Federal Rules of Civil Procedure. Miami Lakes denies all other allegations contained in Paragraph 24.

25. Denied.

26. Denied.

27. Miami Lakes objects to the allegations contained in Paragraph 27 of the Complaint to the extent that they constitute legal conclusions to which no response is required. To the extent a response is required, Miami Lakes does not deny that this Court has the power to grant injunctive relief, but denies such relief is warranted in this case.

28. Miami Lakes objects to the allegations contained in Paragraph 28 of the Complaint to the extent that they constitute legal conclusions to which no response is required. To the extent a response is required, Miami Lakes states that the ADA speaks for itself.

29. Miami Lakes objects to the allegations contained in Paragraph 29 of the Complaint to the extent that they constitute legal conclusions to which no response is required. To the extent a response is required, Miami Lakes denies that Plaintiff has met all conditions precedent or that any such conditions were waived.

30. Miami Lakes objects to the allegations contained in Paragraph 30 of the Complaint to the extent that they constitute legal conclusions to which no response is required. To the extent a response is required, Miami Lakes does not deny that this Court has the power to grant injunctive relief, but denies such relief is warranted in this case.

Miami Lakes denies that Plaintiff is entitled to any relief requested in the WHEREFORE clause following paragraph 30.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

1. Plaintiff does not have standing to assert the claims in the Complaint because Plaintiff has failed to sufficiently allege any past or prospective injury in fact regarding the property, and as described in the Complaint. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016).

2. To the extent any barrier to accessibility existed (which is denied), the subject facility provided legally sufficient alternative access to its facilities and benefits and was usable and/or removal of the barrier or alternative methods of making the facilities accessible or available were not readily achievable or would result in an undue burden, are not reasonable or necessary to afford goods, services, facilities, advantages or accommodations to Plaintiff.

**Miami Lakes reserves the right and does not waive any rights to amend or add such additional separate affirmative defenses that may become available during discovery or at trial and conform any such additional defenses that it may have to the evidence, as permitted.**

WHEREFORE, Miami Lakes, LLC prays that judgment be entered in its favor, that Plaintiff takes nothing by this suit, that Miami Lakes be awarded such other legal and equitable relief that this Court deems just and proper.

Respectfully submitted this 18th day of May 2021.

          HOLLAND & KNIGHT LLP

          701 Brickell Avenue, Suite 3000
          Miami, Florida 33131
          Phone (305) 789-7709
          Fax (305) 789-7799

          By: /s/ *Edward Diaz*
          **EDWARD DIAZ**
          Florida Bar No.: 988091
          edward.diaz@hklaw.com

## CERTIFICATE OF SERVICE

*I Hereby Certify* that on **May 18, 2021,** I electronically filed the foregoing MIAMI LAKES ANSWER AND AFFIRMATIVE DEFENSES, with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*S/ Edward Diaz*

## SERVICE LIST

Anthony Perez, Esq.
Garcia- Menocal & Perez,P.L.
4937 S.W.74th Court
Miami, Florida 33155
ajperez@lawgmp.com
bvirues@lawgmp.com
Attorney for Plaintiff